IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PATRICK WERNER,

                  OPINION AND ORDER

          Plaintiff,

                  19-cv-648-bbc

    v.

ROSE SNYDER-SPAAR, AARON SABEL,
CHRISTOPHER SUSA, JOHN DOE, JESSICA
VANDER BLOOMER and KEVIN CARR,

         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Patrick Werner is incarcerated at the Oshkosh Correctional Institution. He filed this proposed civil action under 42 U.S.C. § 1983, contending that prison staff have violated his constitutional rights in a number of ways. He has requested leave to proceed without prepayment of the filing fee, but he has three verified "strikes" against him under 28 U.S.C. § 1915(g). Under § 1915(g), a prisoner is not allowed to bring a civil action in federal court without first paying the fee, if three or more of his civil actions or appeals have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted. The sole exception to the three-strikes rule is if the plaintiff's pleadings show that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

      Court records confirm that plaintiff has filed at least three previous civil actions while imprisoned that were dismissed as frivolous or for failure to state a claim. Werner v. Richmond, 15-cv-116 (E.D. Wis. Sept. 4, 2015); Werner v. Steffens, 14-cv-439 (E.D. Wis.

Jul. 8, 2015); Werner v. Gossage, 12-cv-380 (E.D. Wis. Jun. 11, 2012). Consequently, plaintiff may not proceed with this action without prepaying the fees unless he shows that he is in imminent danger of serious physical injury. After reviewing plaintiff's complaint, I conclude that he may not proceed without prepayment of the filing fee because his complaint does not allege that he is in imminent danger. Therefore, I am dismissing his complaint without prejudice. If plaintiff pays the $400 filing fee, I will reopen the case and screen it under 28 U.S.C. § 1915A.

OPINION

Plaintiff must plead facts in his complaint supporting a finding of imminent danger of serious physical injury, but he has failed to do so. Plaintiff's allegations are difficult to follow, but I understand him to be alleging that he will soon be released from prison and placed on a global positioning tracking system for life, without due process and in violation of his rights under the First, Fourth and Eighth Amendments. In addition to his whereabouts being subject to constant monitoring, plaintiff fears that law enforcement will be able to listen in to his conversations, including confidential communications with his attorney.

Plaintiff's allegations do not support an inference that plaintiff faces imminent danger of serious physical injury sufficient to invoke the exception provided in § 1915(g). None of his allegations suggests that plaintiff is facing a "genuine emergency" or a "real and proximate" threat of serious harm. Heimermann v. Litscher, 337 F.3d 781, 782 (7th Cir.

2003). Because plaintiff's complaint does not meet the exception under § 1915(g), he may not proceed without prepayment of the filing fee. I will dismiss this case without prejudice. If plaintiff pays the $400 filing fee, he may move to reopen the case.

ORDER

IT IS ORDERED that

1. Plaintiff Patrick Werner is DENIED leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(g).

2. This case is DISMISSED without prejudice, subject to being reopened if plaintiff submits the $400 filing fee by October 30, 2019.

Entered this 8th day of October, 2019.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge