IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PATRICK WERNER,

                        Plaintiff,

     v.

ROSE SNYDER-SPAAR, AARON SABEL,
CHRISTOPHER SUSA, JOHN DOE, JESSICA
VANDER BLOOMER and KEVIN CARR,

                        Defendants.

OPINION AND ORDER

19-cv-648-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Patrick Werner filed this proposed civil action under 42 U.S.C. § 1983 while he was incarcerated at the Oshkosh Correctional Institution, contending that correctional officials were going to place him on a global positioning tracking system for life after his release from prison, without due process and in violation of his constitutional rights. On October 8, 2019, I dismissed plaintiff's complaint without prejudice pursuant to the three strikes rule under 28 U.S.C. § 1915(g) because he had not prepaid the $400 filing fee or shown that he is in imminent danger of serious physical injury. Dkt. #8.

      Because plaintiff has now paid the full filing fee, I will reopen his case and screen it under 28 U.S.C. § 1915A. (Although plaintiff has been released from prison, he was incarcerated at the time he filed his complaint and is currently incarcerated in the Brown County jail.) Also before the court are several motions filed by plaintiff: (1) a motion for an extension of time to pay the filing fee, dkt. #10, which is moot because plaintiff subsequently paid the filing fee; (2) a motion for leave to supplement the record with his

1

declaration providing further information about the plans for his release from prison, dkt. #11; (3) several motions requesting a temporary restraining order and preliminary injunctive relief, dkt. ##12, 15-16; (4) a motion for leave to supplement his complaint with additional allegations that he labels an "amended statement of the case," dkt. #14; and (5) a motion requesting that the court provide him copies of all of his filings in this case and order the Brown County jail to provide him enough paper to draft a consolidated amended complaint based on those filings, dkt. #17.

After reviewing all of plaintiff's submissions, I conclude that plaintiff's allegations fail to state a federal claim upon which relief may be granted. Therefore, I am dismissing his complaint and denying his motions for a temporary restraining order and preliminary injunctive relief. His remaining motions for an extension of time, leave to supplement his complaint and the record and additional paper to prepare an amended complaint based on his past allegations will be denied as moot.

OPINION

To state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was caused by the defendant acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)). Plaintiff alleges that he has been or will soon be released from custody and placed on a global positioning tracking system for

life, without any opportunity to challenge the decision. In addition to the constant monitoring, plaintiff fears that law enforcement will be able to listen in to his conversations, including confidential communications with his attorney. He generally alleges that this requirement violates his rights under the First, Fourth and Eighth Amendments, the due process clause of the Fifth and Fourteenth Amendments and the federal wiretap statute. Plaintiff raised similar challenges to a previous imposition of a lifetime tracking device in Werner v. Larrabee, No. 15-CV-104-PP, 2017 WL 570796, at *3 (E.D. Wis. Feb. 13, 2017), in which the district court found that plaintiff was not entitled to relief because the United States Supreme Court and the Court of Appeals for the Seventh Circuit have held that global positional monitoring does not constitute punishment and does not give rise to a separate due process requirement. Plaintiff's complaint in this case must be dismissed for the same reasons.

Under the Due Process Clause of the Fourteenth Amendment, the government shall not "deprive any person of life, liberty or property without due process of law." However, as plaintiff concedes, dkt. #1 at 11, he has been convicted of second degree sexual assault of a child and child enticement for which Wisconsin mandates lifetime global positional system tracking through an ankle monitor. Wis. Stat. § 301.48(2)(a) (requiring lifetime tracking for certain sex offenders based on their criminal convictions or civil commitment). Because "the consequence of the monitoring flows from the conviction or commitment, [] there is no requirement for any additional due process." Werner, 2017 WL 570796, at *3 (citing Connecticut Department of Public Safety v. Doe, 538 U.S. 1, 7-8 (2003)). See also

3

Lewis v. Zimdars, 2018 WL 4374941, at *2–3 (E.D. Wis. Sept. 13, 2018) (holding same); Kaufman v. Walker, 2018 WI App 37, ¶ 48, 382 Wis. 2d 774, 797, 915 N.W.2d 193, 204, review denied, 2018 WI 107, ¶ 48, 384 Wis. 2d 773, 921 N.W.2d 506, and cert. denied, 140 S. Ct. 133, 205 L. Ed. 2d 24 (2019) (Department of Corrections not required to prove plaintiff dangerous before subjecting him to tracking based on prior repeated child sex crime convictions that plaintiff had opportunity to contest in criminal proceedings).

Moreover, the Court of Appeals for the Seventh Circuit held in Belleau v. Wall, 811 F.3d 929, 937 (7th Cir. 2016), that Wisconsin's tracking requirement does not violate the Fourth Amendment because it is not punitive and that it is reasonable under the privacy standard set forth in Grady v. North Carolina, __ U.S. __, 135 S.Ct. 1368, 1371 (2015) (per curiam)(electronic monitoring of sex offenders permitted if reasonable). Belleau, 811 F.3d at 932. Although plaintiff fears that corrections officials can listen in on his private and confidential communications, his allegations are not sufficient to suggest that this can actually happen. In fact, he alleges in his proposed supplement to his complaint that the "GPS bracelet technician" told him that the bracelet did not have that capability. Dkt. #14 at 2. See also id. at 936 ("It's untrue that 'the GPS device burdens liberty . . . by its continuous surveillance of the offender's activities"; it just identifies locations; it doesn't reveal what the wearer of the device is doing at any of the locations.") (quoting Commonwealth v. Cory, 454 Mass. 559, 911 N.E.2d 187, 196-97 (2009)). Therefore, I find that plaintiff has failed to state a claim regarding the imposition of statutorily-required global positioning system tracking for life and will dismiss his complaint.

4

ORDER

IT IS ORDERED that:

1. Plaintiff Patrick Werner's complaint is DISMISSED for failure to state a claim upon which relief may be granted.

2. Plaintiff's motions for various relief, dkt. ##10-12 and 14-17, are DENIED as moot.

3. The clerk of court is directed to close this case and record a strike in accordance with 28 U.S.C. § 1915(g).

Entered this 27th day of December, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge