IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PATRICK WERNER,

                                                                             OPINION AND ORDER

            Plaintiff,

                                                                         19-cv-648-bbc

    v.

ROSE SNYDER-SPAAR, AARON SABEL,
CHRISTOPHER SUSA, JOHN DOE, JESSICA
VANDER BLOOMER and KEVIN CARR,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Pro se plaintiff Patrick Werner filed this proposed civil action under 42 U.S.C. § 1983 while he was incarcerated at the Oshkosh Correctional Institution, contending that correctional officials were going to place him on a global positioning tracking system for life after his release from prison, without due process and in violation of his constitutional rights. On December 27, 2019, I dismissed plaintiff's complaint for failure to state a federal claim upon which relief may be granted because both the United States Supreme Court and the Court of Appeals for the Seventh Circuit have held that global positional monitoring does not constitute punishment under the Fourth Amendment and does not give rise to a separate due process requirement under the due process clause of the Fourteenth Amendment. Dkt. #18. On April 4, 2020, I denied plaintiff's motion for reconsideration of that order because he failed to identify any grounds for reconsideration of the dismissal. Dkt. #21.

       Before the court is plaintiff's second motion for reconsideration and motion to amend his complaint in which he seeks to bring several constitutional claims related to the

1

conditions of his probation and parole, his criminal sentences and what seems to be the pending or recent revocation of his probation and parole. Dkt. ##24-25. For the reasons below, plaintiff's motions will be denied.

OPINION

I understand plaintiff to be seeking leave to amend his proposed complaint to bring several due process, double jeopardy, civil conspiracy and First Amendment claims related to the conditions of his probation and parole, his criminal sentences and the pending or recent revocation of his probation and parole. Although plaintiff was incarcerated at the time he filed his initial complaint in August 2019, it appears that he was released from prison on probation or parole in October 2019, dkt. #15 at 2, but was arrested and incarcerated at the Brown County, Wisconsin jail in November 2019 for violating the conditions of his probation and parole. Id. at 6-7. He has remained incarcerated at the Brown County jail since that time. In his current motion, he says that his probation and parole are being revoked for his violation of his rules of supervision. Dkt. #25 at 13.

First, plaintiff argues that he should not be forced to "re-serve" the time he has already served on probation and parole, which included punitive restrictions and "lock downs." He asks to be "awarded for time he has already served on the probation/parole order" and receive a sentence credit in the event that he is revoked for a rule violation. Dkt. #25 at 2-10. The remainder of plaintiff's proposed claims are challenges to the specific conditions of his probation and parole, including restrictions on his movement and use of

computers and the internet, as well as the revocation of his probation and parole for violating some of these conditions. Id. at 9-36.

Plaintiff cannot bring any claim challenging the validity or duration of a criminal conviction, sentence or revocation of probation and parole in an action under 42 U.S.C. § 1983 unless he has prevailed in a habeas corpus proceeding challenging the conviction, sentence or revocation. Heck v. Humphrey, 512 U.S. 477, 487 (1994); Williams v. Wisconsin, 336 F.3d 576, 579-80 (7th Cir. 2003) (applying Heck to "fact or duration" of parole); Knowlin v. Thompson, 207 F.3d 907, 909 (7th Cir. 2000) ("[A claim that] would necessarily imply the invalidity of [the prisoner's] Wisconsin parole revocation . . . cannot be shown through a § 1983 suit."); Drollinger v. Milligan, 552 F.2d 1220 (7th Cir.1977) (applying Heck to conditions of probation). As plaintiff recognizes in his motion, dkt. #25 at 8, the conditions of his probation and parole are part of his sentence because they "define the perimeters of [his] confinement." Williams, 336 F.3d at 579-80 ("It is because of these restrictions that parolees remain 'in custody' on their unexpired sentences and thus may initiate a collateral attack while on parole."). Therefore, habeas corpus is the sole federal remedy when, as in this case, a ruling in plaintiff's favor would necessarily imply the illegality of his custody or the invalidity of his conviction or sentence. Heck, 512 U.S. at 487. The rule in Heck applies even if it is too late for plaintiff to seek collateral relief through a habeas petition, so long as he could have sought collateral relief earlier but failed to do so in a timely manner. Burd v. Sessler, 702 F.3d 429, 436 (7th Cir. 2012).

In this instance, plaintiff has neither established the invalidity of his sentence by

showing that he prevailed in a habeas corpus proceeding nor shown that he was unable to challenge his sentence in state court. Therefore, plaintiff cannot bring a challenge to his sentence under § 1983. In addition, this court cannot convert plaintiff's action into one for habeas corpus on its own motion. The Court of Appeals for the Seventh Circuit has held that "[w]hen a plaintiff files a § 1983 action that cannot be resolved without inquiring into the validity of confinement, the court should dismiss the suit without prejudice" rather than convert it into a petition for habeas corpus. Copus v. City of Edgerton, 96 F.3d 1038, 1039 (7th Cir. 1996) (citing Heck, 512 U.S. 477).

     Accordingly, plaintiff's motion for reconsideration or the screening order and motion to amend his complaint will be denied. Although plaintiff may seek to raise his proposed claims in a petition for a writ of habeas corpus, he should be aware that such a petition would have to be dismissed immediately unless he can show that he has presented his claims to the Wisconsin courts and has been denied relief at the trial and appellate levels, 28 U.S.C. § 2254(b)(1)(A), or that there is no state corrective process available to him, § 2254(b)(1)(B).

ORDER

IT IS ORDERED that plaintiff Patrick Werner's motion for reconsideration, dkt. #24, and motion to amend his complaint, dkt. #25, are DENIED.

Entered this 19th day of June, 2020.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge